# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARY JOHNSON,** | CASE NO.: |
| Plaintiff, | |
| v. | JUDGE |
| | |
| | **COMPLAINT** |
| **THE FEDERAL RESERVE BANK OF CLEVELAND,** | |
| | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Mary Johnson, by and through counsel, brings this Complaint against Defendant The Federal Reserve Bank of Cleveland, and alleges as follows:

## PARTIES

1. Plaintiff is an adult individual residing in Cuyahoga County, Ohio. Plaintiff was employed by Defendant during all times relevant to this Complaint.

2. Defendant is a governmental corporation formed pursuant to the laws of the United States of America, and maintaining a place of business at 1455 E. 6th St., Cleveland, OH 44114.

3. At all times relevant to this Complaint, Defendant was an employer covered by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. (the "FMLA").

4. At all times relevant to this Complaint, Plaintiff was an eligible employee of Defendant as defined by 29 U.S.C. § 2611(2) because Plaintiff was employed by Defendant for more than 12 months and worked at least 1,250 hours for Defendant during the relevant twelve-month period.

## JURISDICTION AND VENUE

5. This action arises under the FMLA. Thus, jurisdiction in this case is based on 28 U.S.C. § 1331.

6. A substantial part of the events or omissions giving rise to the claim occurred in Cuyahoga County, Ohio. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (2).

## STATEMENT OF FACTS

7. Plaintiff was employed by Defendant as a Vice President in the Bank's Supervision and Regulation Department for over four years.

8. Plaintiff had no performance issues while employed by Defendant. However, despite being able to complete the essential functions of her position, Plaintiff struggled with alcoholism.

9. In April 2021, Plaintiff requested a leave of absence pursuant to the FMLA to attend comprehensive rehabilitative treatment for alcoholism.

10. Defendant received the request for leave and granted her FMLA leave beginning on April 26, 2021. Defendant informed Plaintiff that her FMLA leave would be exhausted on or around July 16, 2021.

11. Plaintiff began an intensive program of alcohol rehabilitation during her approved period of leave. Plaintiff's care plan required both inpatient care, and an intensive daily plan of inpatient/outpatient care.

12. Plaintiff was routinely tested for drugs and alcohol throughout her inpatient and inpatient/outpatient rehabilitation program, and passed all of her tests.

13. On Thursday, June 24, at 12:40 PM, when Plaintiff was on FMLA leave, Defendant sent Plaintiff an email to her personal email account, informing her that she was required to immediately complete a "random" drug test in no less than two hours from the time Defendant sent the email: 2:40 PM.

14. Though Defendant evidently expected Plaintiff to be monitoring her personal email at all times during her leave of absence, Defendant failed to communicate this requirement to Plaintiff.

15. Plaintiff, who was on FMLA leave and who was undergoing inpatient/outpatient treatment on June 24, did not expect Defendant to send such an email. Because Plaintiff was not constantly monitoring her personal email address during her protected period of leave, and because Defendant never informed her of its apparent expectation, she did not immediately receive notification of Defendant's request. Plaintiff learned of Defendant's "random" drug test request at approximately 5:58 PM on June 24, 2021.

16. Plaintiff contacted Defendant immediately upon seeing Defendant's email, and expressed her willingness to submit to the test. Defendant, however, informed Plaintiff that she had failed to take the test within two hours of their sending the email, and informed her that she was no longer permitted to take the test.

17. Notably, Plaintiff was fully compliant with her plan of care and was fully drug and alcohol free during her leave of absence. Plaintiff was frequently tested throughout her treatment, and passed every test. In fact, Plaintiff received one set of passing drug test results at 3:51 PM from the Cleveland Clinic on June 24, 2021—the very same afternoon as Defendant's request.

18. Though Plaintiff expressed her compliance with her rehabilitation and her willingness to comply, Defendant refused to honor her 3:51 PM Cleveland Clinic results, and continued to refused to permit her to take the test.

19. Plaintiff renewed her request to submit to drug and/or alcohol testing the following morning, sending Defendant an email:

> Can I go to do the drug test when [inpatient/outpatient] treatment is over this morning? Also, the Cleveland Clinic can provide the results from all of my tests while I have been in [inpatient/outpatient] treatment. … .

20. Defendant, however, remained uninterested in Plaintiff's compliance with her plan of care and did not wish to see Plaintiff's documentation establishing that she had abstained from the use of alcohol and drugs during her treatment.

21. Instead, Defendant chose to terminate Plaintiff's employment for failing to have completed her drug test within two hours of Defendant sending an email to her personal email account during a protected leave of absence.

22. By imposing a condition upon Plaintiff that she always monitor her personal email account during her protected leave of absence, and by failing to communicate that condition to Plaintiff, Defendant interfered with Plaintiff's rights under the FMLA.

23. By terminating Plaintiff's employment for taking leave protected by the FMLA, Defendant interfered with Plaintiff's rights under the FMLA.

## COUNT I
### (Violation of FMLA – Interference / Wrongful Termination)

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. At all relevant times, Defendant was an employer as defined by the FMLA, and Plaintiff was an eligible employee entitled to rights under the FMLA.

26. Plaintiff's medical condition constituted a serious health condition as defined by the FMLA.

27. Plaintiff required FMLA leave due to her serious health condition. Plaintiff informed Defendant of this need for FMLA, and Defendant was on notice of such need.

28. Defendant denied Plaintiff FMLA benefits to which she was entitled.

29. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover, without limitation, damages equal to wages, salary, employment benefits, other compensation denied or lost, and/or actual monetary losses, plus interest, liquidated damages and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. Awarding Plaintiff compensatory damages;

2. Awarding Plaintiff liquidated damages;

3. Awarding Plaintiff her reasonable costs and attorney fees; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher J. Lalak*
**NILGES DRAHER LLC**
Christopher J. Lalak (0090079)
1360 East Ninth Street
Suite 808
Cleveland, Ohio 44114
Telephone 216.230.2955
Email: clalak@ohlaborlaw.com

*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

/s/ *Christopher J. Lalak*
Christopher J. Lalak

*Counsel for Plaintiff*